UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TENET BUSINESS SERVICES CORPORATION and TENET EMPLOYMENT, INC., | § § § § | |
| *Plaintiffs,* | § § | Civil Action No. 3:24-CV-0927-X |
| v. | § § | |
| ASCENSION HEALTH ALLIANCE, | § § § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Ascension Health Alliance's (Ascension) Rule 12(b)(6) motion to dismiss Plaintiffs Tenet Business Services Corporation and Tenet Employment, Inc.'s (collectively, "Tenet") claims. (Doc. 9). Having reviewed the motion, the applicable law, and Tenet's complaint, the Court **GRANTS** the motion to dismiss without prejudice and **GRANTS** Tenet twenty-eight (28) days from date of this order to replead.

**I.  Background**

Tenet and Ascension are competitors that provide healthcare services across the country. Tenet alleges that Ascension improperly solicited four of Tenet's employees in violation of the agreements Tenet had with those employees. Based on Ascension's involvement with those contractual violations, Tenet brings claims for tortious interference, civil conspiracy, and aiding and abetting.

1

Two of the four employees were executives at Tenet. Sally Deitch, the first of the four to leave, worked for Tenet in various executive positions such as the Group Chief Executive Officer over Tenet's Mid-South region. Then on August 4, 2021, Deitch signed a Severance Agreement and General Release (Severance Agreement) that contained non-compete, non-disclosure, and non-solicitation provisions. In particular, the Severance Agreement required Deitch not to "directly or indirectly solicit or induce, or in any manner attempt to solicit or induce, any person employed by . . . the Company or any of its Affiliates to terminate such employee's employment . . . with the Company or any Affiliate."[1]

Next came Paula Phillips. She served as Tenet's Vice President of Workforce Management and Education for about two years before leaving to work at Ascension. When she was promoted to this position, Phillips signed a Confidentiality Agreement with non-compete and non-solicitation clauses. The non-compete prohibited her, for a period of twelve months after leaving Tenet, from providing elsewhere the same services she provided to Tenet in her last six months of employment. Also for twelve months, the Agreement prohibited her from directly or indirectly disrupting or interfering with Tenet's business or soliciting or raiding Tenet's employees.

Tenet asserts that Deitch and Ascension solicited Phillips to leave Tenet for Ascension, and Phillips and Ascension then solicited two more employees to make the jump too.

---

[1] Doc. 1-1 at 3 (citing Severance Agreement § 6).

2

Ascension now moves the Court to dismiss Tenet's claims for failure to state a claim on which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).

## II.  Legal Standard

A pleading in federal court must state "a short and plain statement of the claim showing that the pleader is entitled to relief."[2]  But if the complaint fails to "state a claim upon which relief can be granted," Rule 12(b)(6) authorizes dismissal.[3]  In stating their claim, the plaintiff does not have to plead detailed facts, but "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice."[4]  For a complaint to survive a motion to dismiss under Rule 12(b)(6), it must allege sufficient facts "to state a claim to relief that is plausible on its face."[5]  And a claim is plausible on its face when supported by enough facts that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."[6]

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally in favor of the plaintiff and accept all facts pleaded in the complaint as true.[7]  But the Court does not "presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the

---

[2] Fed. R. Civ. P. 8(a)(2).

[3] Fed. R. Civ. P. 12(b)(6).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[6] *Iqbal*, 556 U.S. at 678.

[7] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement."[8]

## III.  Analysis

### A. Tortious Interference

Tenet's first claim—tortious interference with a contract—arises under state law.  In Texas, such a claim must satisfy four elements: (1) the plaintiff had a valid contract; (2) the defendant willfully and intentionally interfered with that contract; (3) the interference proximately caused injury to the defendant; and (4) the plaintiff incurred actual damages as a result.[9]

Tenet sufficiently pleads facts supporting elements one and four—that valid contracts existed with Deitch and Phillips, and that Tenet suffered damages from losing its employees.  But the elements concerning Ascension's actual involvement are not so clear.

To establish that the defendant willfully and intentionally interfered with the contract, the plaintiff does not have to prove the defendant intended to injure them, only that the defendant intended to cause the consequences of their actions or believed the consequences were substantially certain to result.[10]  The problem with Tenet's allegations is that they allege no action on behalf of Ascension at all, let alone actions that interfered with a contract.  Tenet's pleadings employ all the key words of the claim's elements but fail to support those assertions with anything concrete.

---

[8] *Harmon v. City of Arlington*, 16 F.4th 1159, 1162–63 (5th Cir. 2021).
[9] *Cmty. Health Sys. Pro. Servs. Corp. v. Hansen*, 525 S.W.3d 671, 689 (Tex. 2017).
[10] *Id.* (quoting *Sw. Bell Tel. Co. v. John Carlo Tex., Inc.*, 843 S.W.2d 470, 472 (Tex. 1992)).

For example, Tenet alleges that, "[d]espite knowledge of [Deitch's] clear restrictive covenant, Ascension tortiously interfered with Tenet's rights (and Deitch's obligations) under the Severance Agreement by aiding and abetting Deitch to violate the terms of the Severance Agreement."[11]  This may sound like a topic sentence to be followed by supporting facts, but no facts follow.  Instead, Tenet pleads more conclusions:

> Deitch and Ascension began soliciting Phillips to leave her employment with Tenet and join Ascension despite knowledge of her obligations pursuant to the Confidentiality Agreement.  As a result of their conspiring efforts, Phillips quit her job at Tenet in April 2022 and began working for Ascension, a direct competitor of Tenet, in a substantially similar role in violation of her non-compete agreement.
> . . . .
> . . . Ascension has tortiously interfered with Tenet's contractual relationships by willfully enticing Tenet's employees to join Ascension, despite knowledge of their on-going obligations and restrictions with Tenet.  Ascension has also willfully and deliberately used Tenet's former employees to raid and solicit other Tenet employees, in violation of their non-solicitation clauses.  By doing so, Ascension has intentionally interfered with Tenet's contractual relationships with these employees and has caused significant harm to Tenet.[12]

These allegations effectively recite the elements of the causes of action.  There is not a single fact in the complaint that suggests Ascension had anything to do with Tenet's four employees moving to Ascension.  Tenet alleges that Ascension engaged in "soliciting, recruiting, and poaching," "aiding and abetting," "conspir[ing]," and

---

[11] Doc. 1-1 at 3.

[12] *Id.* at 4–5.

5

"efforts to solicit, poach, and raid."[13] These are conclusory accusations unsupported by any facts that plausibly plead Ascension's intent to interfere (or involvement at all) with Tenet's contracts with Deitch and Phillips.[14]

Accordingly, the Court **GRANTS** Ascension's motion to dismiss as to Tenet's tortious interference claim.

### B. Civil Conspiracy

Tenet next brings a claim for civil conspiracy, another state law claim. To succeed on such a claim, the plaintiff must prove the following elements:

> (1) a combination of two or more persons; (2) the persons seek to accomplish an object or course of action; (3) the persons reach a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts are taken in pursuance of the object or course of action; and (5) damages occur as a proximate result.[15]

Additionally, "civil conspiracy requires specific intent to agree to accomplish something unlawful or to accomplish something lawful by unlawful means," which in turn requires "a meeting of the minds on the object or course of action."[16] As a result, "an actionable civil conspiracy exists only as to those parties who are aware of the intended harm or proposed wrongful conduct at the outset of the combination or agreement."[17]

---

[13] *Id.* at 2–4.

[14] *See Hoffman v. L&M Arts*, 774 F. Supp. 2d 826, 847–48 (N.D. Tex. 2011) (Fitzwater, C.J.) (dismissing a tortious interference claim on 12(b)(6) grounds when plaintiff pled nothing more than conclusory statements like "Sotheby's and Meyer intentionally and willfully interfered, and continue to interfere, with the Contract without justification").

[15] *First United Pentecostal Church v. Parker*, 514 S.W.3d 214, 222 (Tex. 2017).

[16] *Id.*

[17] *Id.*

Civil conspiracy is a "'derivative tort,' meaning it depends on some underlying tort or other illegal act."[18] So Tenet's civil conspiracy claim falls with its tortious interference claim. But even if Tenet's independent tort claim survived, nothing in its complaint meets prong three or four of the civil conspiracy elements.

To show a meeting of the minds, conspirators "must at least have knowledge of the object and purpose of a conspiracy."[19] Tenet argues that "facts and circumstances that permit a 'natural inference'" of a common design are enough.[20] But Tenet alleges no facts and only the circumstance that two Tenet employees left to work at Ascension after Deitch and Phillips did. While that might have alerted Tenet to investigate the matter, alone, it is not enough to establish that Ascension conspired with Deitch and Phillips to poach the employees.

And as to the overt-act element, Tenet similarly pleads no facts, though it pleads plenty of conclusions. Tenet alleges Ascension, Deitch, and Phillips "committed unlawful, overt acts by openly, actively, and improperly breaching Deitch and Phillips' agreements with Tenet and soliciting and recruiting Tenet's employees."[21] As above, no actual facts support these assertions.

The Court **GRANTS** Ascension's motion to dismiss as to Tenet's civil conspiracy claim.

### C. Aiding and Abetting

---

[18] *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 141 (Tex. 2019).

[19] *Lesikar v. Rappeport*, 33 S.W.3d 282, 302 (Tex. App.—Texarkana 2000, pet. denied).

[20] Doc. 10 at 12.

[21] Doc. 1-1 at 7.

7

Like civil conspiracy, aiding and abetting is a derivative state-law claim, which depends on an underlying tort.[22] In Texas, the elements of an aiding-and-abetting claim are: (1) the primary actor committed a tort; (2) the defendant knew the actor's conduct constituted a tort; (3) the defendant intended to assist the primary actor; (4) the defendant did assist or encourage the actor; and (5) the defendant's conduct was a substantial factor in causing the tort.[23]

Here, Tenet seems to have gotten turned around by its own conclusions. For Ascension to be liable of aiding and abetting in the way Tenet asserts, Deitch and Phillips must have committed torts against Tenet. But the only independent tort Tenet pleads is tortious interference, which it asserts Ascension committed. Ascension cannot be liable for aiding and abetting itself. The complaint supports this conclusion by claiming that "Ascension aided, abetted, and assisted Deitch and Phillips in committing *improper acts* by unlawfully *breaching their agreements* and soliciting Tenet's employees."[24] Breach of contract is neither a tort nor a claim pled in this complaint. Therefore, Tenet's aiding and abetting claim cannot withstand 12(b)(6).

The Court **GRANTS** Ascension's motion to dismiss as to Tenet's claim for aiding and abetting.

---

[22] *W. Fork Advisors, LLC v. SunGard Consulting Servs., LLC*, 437 S.W.3d 917, 921 (Tex. App.—Dallas 2014, pet. denied).

[23] *Immobiliere Jeuness Establissement v. Amegy Bank Nat'l Ass'n*, 525 S.W.3d 875, 882 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

[24] Doc. 1-1 at 7 (emphasis added).

## IV.  Conclusion

For the reasons stated above, the Court **GRANTS** Ascension's motion to dismiss without prejudice. (Doc. 9). However, the Court also **GRANTS** Tenet leave to amend its complaint within twenty-eight (28) days from the filing of this order.[25]

**IT IS SO ORDERED** this 23rd day of December, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[25] *See Hoffman*, 774 F. Supp. 2d at 849; *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).

9