UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TENET BUSINESS SERVICES CORPORATION and TENET EMPLOYMENT, INC., | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 3:24-CV-0927-X |
| ASCENSION HEALTH ALLIANCE, | § § § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

In December 2024, the Court dismissed Plaintiffs Tenet Business Services Corporation and Tenet Employment, Inc.'s (collectively, "Tenet") claims without prejudice and ordered them to replead and try to fix the issues with its complaint. (Doc. 15). Tenet did so, and Ascension Health Alliance (Ascension) now moves to dismiss the new complaint under Rule 12(b)(6). (Doc. 17).

Having reviewed the motion, the applicable law, and Tenet's new complaint, the Court **DENIES** the motion to dismiss.

## I. Background

As the Court summarized previously, Tenet and Ascension are competitors that provide healthcare services across the country. Tenet alleges that Ascension improperly solicited four of Tenet's employees in violation of the agreements Tenet had with those employees. Based on Ascension's involvement with those contractual violations, Tenet brings claims for tortious interference and civil conspiracy.

1

Two of the four employees were executives at Tenet. Sally Deitch, the first of the four to leave, worked for Tenet in various executive positions such as the Group Chief Executive Officer over Tenet's Mid-South region. Then on August 4, 2021, Deitch signed a Severance Agreement and General Release (Severance Agreement) that contained non-compete, non-disclosure, and non-solicitation provisions.

Then, Tenet alleges, Deitch and Ascension together solicited Paula Phillips to leave Tenet. Phillips served as Tenet's Vice President of Workforce Management and Education for about two years, and she worked under Deitch when both were still at Tenet. When Phillips was promoted to this position, she signed a Confidentiality Agreement with non-compete and non-solicitation clauses. The non-compete prohibited her, for a period of twelve months after leaving Tenet, from providing elsewhere the same services she provided to Tenet in her last six months of employment. Also for twelve months, the Agreement prohibited her from directly or indirectly disrupting or interfering with Tenet's business or soliciting or raiding Tenet's employees.

According to Tenet, Phillips and Ascension then solicited two more employees to make the jump too. Tenet asserts that Ascension tortiously interfered with Phillips' noncompete and non-solicitations agreements with Tenet and conspired with Phillips in breaching the agreements. In its amended complaint, Tenet drops its claims against Ascension for tortious interference with Deitch's non-solicitation agreement with Tenet and for aiding and abetting Deitch and Phillips in breaching their agreements.

Ascension again moves the Court to dismiss Tenet's claims, arguing the amendments in its new complaint do not cure the deficiencies in the original.

## II.    Legal Standard

A pleading in federal court must state "a short and plain statement of the claim showing that the pleader is entitled to relief."[1]  But if the complaint fails to "state a claim upon which relief can be granted," Rule 12(b)(6) authorizes dismissal.[2]  In stating their claim, the plaintiff does not have to plead detailed facts, but "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice."[3]  For a complaint to survive a motion to dismiss under Rule 12(b)(6), it must allege sufficient facts "to state a claim to relief that is plausible on its face."[4]  And a claim is plausible on its face when supported by enough facts that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."[5]

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally in favor of the plaintiff and accept all facts pleaded in the complaint as true.[6]  But the Court does not "presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the

---

[1] Fed. R. Civ. P. 8(a)(2).

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Iqbal*, 556 U.S. at 678.

[6] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement."[7]

### III.   Analysis

### A. Tortious Interference

Tenet's first claim is still tortious interference with a contract, which arises under state law.  In Texas, such a claim must satisfy four elements: (1) the plaintiff had a valid contract; (2) the defendant willfully and intentionally interfered with that contract; (3) the interference proximately caused injury to the defendant; and (4) the plaintiff incurred actual damages as a result.[8]

Tenet sufficiently pleads facts supporting elements one and four—that it had valid contracts with Phillips, and that it suffered damages from losing its employees. And its amended complaint pleads sufficient facts for elements two and three as well.

To establish that the defendant willfully and intentionally interfered with the contract, the plaintiff does not have to prove the defendant intended to injure them, only that the defendant intended to cause the consequences of their actions or believed the consequences were substantially certain to result.[9]  Tenet meets this burden on its noncompete claim by alleging that Deitch, an agent of Ascension, knew about Phillips' noncompete from her time at Tenet but Ascension knowingly sent Phillips an offer letter anyway.  In support of this timeline, Tenet notes that when

---

[7] *Harmon v. City of Arlington*, 16 F.4th 1159, 1162–63 (5th Cir. 2021).

[8] *Cmty. Health Sys. Pro. Servs. Corp. v. Hansen*, 525 S.W.3d 671, 689 (Tex. 2017).

[9] *Id.* (quoting *Sw. Bell Tel. Co. v. John Carlo Tex., Inc.*, 843 S.W.2d 470, 472 (Tex. 1992)).

Phillips left, she confirmed she had been recruited to a new position and was not looking for a job.

As to its non-solicitation claim, Tenet similarly alleges that Ascension tortiously interfered with Phillips' non-solicitation agreement by knowingly inducing two of Phillips' direct reports from Tenet to leave for Ascension, even after Tenet sent a demand letter notifying Ascension that it was violating Tenet's agreements with Phillips.  While this claim is still plead in a relatively conclusory fashion, Tenet's amended complaint provides sufficient particularity to survive a motion to dismiss.

Accordingly, the Court **DENIES** Ascension's motion to dismiss as to Tenet's tortious interference claims.

### B. Civil Conspiracy

Tenet next brings a claim for civil conspiracy, another state law claim.  The Court reiterates the elements required to succeed on such a claim:

> (1) a combination of two or more persons; (2) the persons seek to accomplish an object or course of action; (3) the persons reach a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts are taken in pursuance of the object or course of action; and (5) damages occur as a proximate result.[10]

The Court previously determined Tenet's pleadings satisfied elements one, two, and five, but fell short on three and four.

---

[10] *First United Pentecostal Church v. Parker*, 514 S.W.3d 214, 222 (Tex. 2017).

Civil conspiracy is a "'derivative tort,' meaning it depends on some underlying tort or other illegal act."[11]  And unlike last time, the Court finds Tenet plead a valid underlying claim, so civil conspiracy has a foundational claim on which to build.

"[C]ivil conspiracy requires specific intent to agree to accomplish something unlawful or to accomplish something lawful by unlawful means," which in turn requires "a meeting of the minds on the object or course of action."[12]  As a result, "an actionable civil conspiracy exists only as to those parties who are aware of the intended harm or proposed wrongful conduct at the outset of the combination or agreement."[13]

To show a meeting of the minds, conspirators "must at least have knowledge of the object and purpose of a conspiracy."[14]  As the Court notes above, Tenet's amended complaint alleges Ascension knew about the agreements through Deitch and Phillips and pursued the employees anyway, continuing even after Tenet put them on notice the agreements had been breached.

As to the overt-act element, Tenet added facts to its amended complaint, such as the written offer letter Ascension sent to Phillips, inducing her to violate her noncompete.

---

[11] *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 141 (Tex. 2019).

[12] *Id.*

[13] *Id.*

[14] *Lesikar v. Rappeport*, 33 S.W.3d 282, 302 (Tex. App.—Texarkana 2000, pet. denied).

The Court therefore **DENIES** Ascension's motion to dismiss as to Tenet's civil conspiracy claim.[15]

### IV.    Conclusion

For the reasons stated above, the Court **DENIES** Ascension's motion to dismiss Tenet's amended complaint.  (Doc. 17).

**IT IS SO ORDERED** this 15th day of August, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[15] Acsencion also asks the Court to take judicial notice of the arbitrator's award that determined Deitch did not breach the non-solicitation and non-compete clauses in her Severance Agreement.  But that award has nothing to do with this Court's analysis, so the Court finds this request moot.